# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEPHANIE COOK,

      Plaintiff,

vs.

UNITED STATES
DEPARTMENT OF LABOR,

      Defendant.

Case No. 2:12-cv-00522-HDM-CWH

**ORDER**

This matter is before the Court on Plaintiff's Second Motion/Application to Proceed *In Forma Pauperis* (#4), filed on January 14, 2013.

## I. *In Forma Pauperis* Application

Plaintiff has submitted the affidavit required by § 1915 showing an inability to prepay fees and costs or give security for them. Based on the financial information provided, the Court finds that Plaintiff is unable to pay the filing fee. Accordingly, her request to proceed *in forma pauperis* is granted.

## II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint. Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotations and citation omitted). When a court dismisses a complaint pursuant to its screening, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face

of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Arizona Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). However, these lax standards are intended only to overlook technical formatting errors and other defects in the use of legal terminology. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). *Pro se* status does not relieve Plaintiff of the duty to comply with the various rules and procedures governing counsel or the requirements of the substantive law, and in these regards, the Court will treat her according to the same standard as counsel licensed to practice law in this state. *See McNeil v. U.S.*, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir .1994).

**Federal Question Jurisdiction**

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.* Here, the complaint is scattered and difficult to

follow. It appears Plaintiff is alleging that the United States Department of Labor has violated her civil rights under 42 U.S.C. § 1983, the Health Insurance Portability ("HIPAA"), and the Federal Privacy Act ("FPA"). Each of these constitutes the basis for a federal claim.

### 1. 42 U.S.C. § 1983 Claim and *Bivens* Claim

Although not expressly stated, it appears Plaintiff is seeking damages pursuant to 42 U.S.C. § 1983 based on the allegation that the United Stated Department of Labor violated her constitutional rights by releasing her personal information without authorization. The United States Department of Labor is a federal agency. Section 1983 imposes liability on persons acting under color of state law. *See* 42 U.S.C. § 1983; *see also*, *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir.1986); *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir.2006). A federal agency is not a person within the meaning of section 1983. *See e.g.*, *Jachetta v. United States*, 653 F.3d 898, 908 (9th Cir. 2011) (citation omitted). Thus, Plaintiff cannot, as a matter of law, state a cause of action under section 1983 against the United States Department of Labor.

A plaintiff may seek redress for violation of a constitutionally protected interest by a federal official pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). This is known as *Bivens* action. However, the Supreme Court has held that a federal agency, such as the United States Department of Labor, is not subject to liability for damages in a *Bivens* action. *See FDIC v. Meyer*, 510 U.S. 471, 485-86 (1994) ("An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). Thus, Plaintiff cannot, as a matter of law, state a *Bivens* claim against the United States Department of Labor.

### 2. HIPAA CLAIM

There is reference in Plaintiff's pleading (and attachments thereto) to the Health Insurance Portability and Accountability Act ("HIPAA"). Plaintiff is proceeding pro se. Therefore, as it must, the Court construes the complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1362 (9th Cir. 1986). Plaintiff is a

1  private party. There is no private right of action under HIPPAA. *See e.g. Webb v. Smart Document*
2  *Solutions, LLC*, 499 F.3d 1078, 1082 (9th Cir. 2007) ("HIPAA itself does not provide for a private right
3  of action."). Because Plaintiff is a private party, she cannot pursue an action under HIPAA.
4  Consequently, Plaintiff's HIPAA claim fails as a matter of law and cannot be cured by amendment.

### 3. FPA Claim

Plaintiff appears to allege that the United States Department of Labor (DOL) violated her privacy rights under the Privacy Act (FPA), 5 U.S.C.A. § 552a *et seq*. when it disclosed her medical records to a third party without Plaintiff's prior written consent. The FPA "contains a comprehensive and detailed set of requirements for the management of confidential records held by Executive Branch agencies." *F.A.A. v. Cooper*, 132 S. Ct. 1441, 1446 (2012). Subject to several well delineated exceptions, Section 552a(b) provides that "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains . . . ." *Id*. The "intentional or willful" failure to comply with this particular requirement "in such a way as to have an adverse effect on an individual" may subject the United States to liability for "actual damages." *See* 5 U.S.C. §§ 552a(g)(1)(D), (g)(4)(A); *see also Cooper*, 132 S.Ct. at 1446. Generally speaking, an FPA action must be filed "within two years from the date on which the cause of action arises." 5 U.S.C. § 552a(g)(5).

Here, Plaintiff's does not request any specific relief or identify specific damages in her complaint. She does attach correspondence between her and the DOL, including a response to a letter she wrote to President Obama. None of these communications reference any alleged damages she suffered due to the disclosure. However, attached to her complaint is a letter from Dr. James Gabroy indicating his belief that Plaintiff "has suffered emotional stress [] due to her father's death and his medical records being released without her authorization." Thus, the only reference to damages is emotional stress suffered as a result of the alleged improper disclosure.

Assuming there has been an "intentional or willful" failure to comply with the FPA that had "an adverse effect" on Ms. Cook, the extent of the United States liability is limited to "actual damages." *See* 5 U.S.C. §§ 552a(g)(1)(D), (g)(4)(A); *see also Cooper*, 132 S.Ct. at 1446. In *Cooper*, the Supreme

4

Court addressed the question of what the term "actual damages" means in the context of a FPA violation. It determined that "the Privacy Act does not unequivocally authorize an award of damages for mental or emotional distress" and "does not waive the Federal Government's sovereign immunity from liability for such claims." *Cooper*, 132 S.Ct. at 1456. The underlying facts of *Cooper* were that a licensed pilot filed suit under the FPA claiming that several federal agencies violated the FPA by sharing his confidential medical records with one another. The District Court granted summary judgment in favor of the Government finding that the term "actual damages" in the statute did not authorize recovery for nonpecuniary or emotional harm. *See* 816 F.Supp.2d 778, 781 (N.D. Cal. 2008). The Ninth Circuit reversed concluding that an interpretation "that limits recover to pecuniary loss" was not plausible. *See* 622 F.3d 1016, 1034 (9th Cir. 2010). The Supreme Court granted *certiorari*, 131 S.Ct. 3025 (2011), and reversed. 132 S. Ct. 1441.

The question confronted by the Supreme Court was not whether damages are available under the FPA - that much is clear. *Cooper*, 132 S.Ct. at 1448. The question was the scope of damages available. *Id*. The Court recognized that the term "actual damages" is far from clear. Nevertheless, relying on the principles of statutory construction and prior precedent, the Supreme Court held that Congress' determination to authorize recovery for "actual" as opposed to "general" damages made clear that Congress "viewed those terms as mutually exclusive." *Id*. at 1452. Consequently, the Supreme Court adopted an interpretation of "'actual damages' limited to proven pecuniary or economic harm." *Id*. The Supreme Court rejected arguments that such a limited construction would lead to absurd results specifically stating that "there is nothing absurd about a scheme that limits the Government's Privacy Act liability to harm that can be substantiated by proof of tangible economic loss." *Id*. at 1455. To the contrary, the Supreme Court determined that the deliberate refusal to authorize "general damages" was indicative of Congress's intent to limit relief rather than maximize it. *Id*. The case was remanded. On remand, in accordance with the mandate of the Supreme Court, the Ninth Circuit affirmed the district court's judgment. *See Cooper v. F.A.A.*, 696 F.3D 1265, 1266 (9th Cir. 2012).

Plaintiff's only alleged damages are that she suffered emotional stress as a result of DOL's violation of the FPA. Because "the Privacy Act does not unequivocally authorize an award of damages for mental or emotional distress," Plaintiff's claim fails. *Cooper*, 132 S.Ct. at 1456. Nevertheless,

Plaintiff will be given an opportunity to amend her complaint, if she can, to identify specific pecuniary or economic harm she suffered as a result of the disclosure.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Second Motion/Application to Proceed *In Forma Pauperis* (#4) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars ($350.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to its conclusion without the necessity of prepaying any additional fees or costs or giving security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).

**IT IS FURTHER ORDERED** that the Plaintiff's Complaint is **dismissed without prejudice** for failure to state a claim upon which relief can be granted. Plaintiff shall have until **Friday, July 26, 2013** to file an amended complaint if she believes she can correct the noted deficiencies. Failure to file a timely amended complaint will result in a recommendation that this action be dismissed.

Dated: June 26, 2013.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge