1
2
3
4                         **UNITED STATES DISTRICT COURT**
5                              **DISTRICT OF NEVADA**
6
7    STEPHANIE COOK,                          )
                                              )     Case No. 2:12-cv-00522-HDM-CWH
8                       Plaintiff,            )
                                              )     **REPORT & RECOMMENDATION**
9    vs.                                      )
                                              )
10   UNITED STATES                            )
     DEPARTMENT OF LABOR,                     )
11                                            )
                                              )
12                      Defendant.            )
                                              )
13   _____     )

14        On June 26, 2013, the Court entered an order granting Plaintiff's Application for Leave to

15   Proceed *In Forma Pauperis* (#3) and dismissing the complaint without prejudice. *See* Order (#5).  In its

16   order, the Court identified several deficiencies with Plaintiff's complaint and instructed Plaintiff until

17   July 26, 2013 to file an amended complaint correcting the identified deficiencies.  Plaintiff was

18   specifically warned that a failure to file an amended complaint would result in a recommendation that

19   the case be dismissed.  A little over two months have passed since the date an amended complaint was

20   due, but Plaintiff has not filed an amended complaint as instructed.

21        The broad, underlying purpose of the Federal Rules is to "secure the just, speedy, and

22   inexpensive determination of every action and proceeding." *See* Fed. R. Civ. P. 1.  It is with that charge

23   at the forefront that this Court construes and administers the Federal Rules.  There rules provide several

24   mechanisms whereby courts can accomplish this goal through the use of sanctions against a party that

25   fails to comply with the Federal Rules or unnecessarily multiplies the proceedings.  Rule 16 is a central

26   pretrial rule that authorizes courts to manage cases "so that disposition is expedited, wasteful pretrial

27   activities are discouraged, the quality of the trial is improved, and settlement is facilitated." *In re*

28   *Phynylpropanolamine Products Liability Litigation*, 460 F.3d 1217, 1227 (9th Cir. 2006).  "Subsection

     (f) puts teeth into these objectives by permitting the judge to make such orders as are just for a party's

failure to obey a scheduling or pretrial order, including dismissal." *Id*.  Rule 16(f) specifically provides

that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule

37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or pretrial conference;

(B) is substantially unprepared to participate–or does not participate in good faith–in the conference; or

(C) fails to obey a scheduling order or other pretrial order." Rule 37(b)(2)(A)(v), in turn, provides that:

"[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is

pending may issue further just orders . . . . includ[ing]: . . . dismissing the action or proceeding in whole

or in part."

Dismissal for failure to obey a court order is a harsh penalty and should only be imposed in

extreme circumstances. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).  Courts weigh

the following five factors when determining whether to dismiss a case for failing to comply with a court

order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on

their merits; and (5) the availability of less drastic sanctions." *In re Phynylpropanolamine Products

Liability Litigation*, 460 F.3d at 1226 (internal citations and quotations omitted).  "These factors are not

a series of conditions precedent before the judge can do anything, but a way for the district judge to

think about what to do." *Id*. (citing *Valley Eng'rs v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir.

1998).  Although preferred, it is not required that the district court make explicit findings to show that it

has considered these factors. *Id*.  A dismissal sanction will only be overturned if the reviewing court is

left with "a definite and firm conviction that it was clearly outside the acceptable range of sanctions."

*Id*. (internal citations and quotations omitted).

## 1. Expeditious Resolution of Litigation

"Orderly and expeditious resolution of disputes is of great importance to the rule of law.  By the

same token, delay in reaching the merits, whether by way of settlement or adjudication, is costly in

money, memory, manageability, and confidence in the process." *In re Phynylpropanolamine Products

Liability Litigation*, 460 F.3d at 1227.  Here, the Plaintiff failed to comply with the Court's order to file

an amended complaint correcting the deficiencies identified in the screening order (#5).  The Court has

been patient, even waiting an additional two (2) months, in allowing Plaintiff to file an amended

1 complaint.  Her failure to do so is not consistent with Rule 1's directive to "secure a just, speedy, and

2 inexpensive" determination of this action.

3    **2.  Court's Need to Manage Its Docket**

4    It has long been recognized that the court's inherent power to control its docket includes the

5 ability to issue sanctions of dismissal where appropriate.  *Thompson v. Housing Authority of Los*

6 *Angeles*, 782 F.2d 829, 831 (9th Cir 1986) (citation omitted).  As the Supreme Court has held, the

7 sanction of dismissal "must be available to the district court in appropriate cases, not merely to penalize

8 those whose conduct may be deemed to warrant such a sanction, but to deter those who might be

9 tempted to such conduct in the absence of such a deterrent."  *National Hockey League v. Metropolitan*

10 *Hockey Club, Inc.*, 427 U.S. 639, 642 (1976).  Plaintiff has been given every opportunity to proceed

11 with her claims but failed to do so.  The failure file an amended complaint has made it impossible for

12 this case to move forward and for the Court to effectively manage its docket.

13    **3.  Risk of Prejudice to the Defendant**

14    "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to

15 trial or threaten to interfere with the rightful decision of the case."  *Thoeren*, 913 F.2d at 1413.  The

16 failure to file an amended complaint setting forth valid claims is prejudicial.

17    **4.  Public Policy**

18    "[T]he public policy favoring disposition of cases on their merits strongly counsels against

19 dismissal."  *In re Phynylpropanolamine Products Liability Litigation*, 460 F.3d at 1228 (citation

20 omitted).  Nevertheless, "this factor lends little support to a party whose responsibility it is to move a

21 case toward disposition on the merits but whose conduct impeded progress in that direction."  *Id*.

22 Because Plaintiff is responsible moving her case forward, her conduct in causing delay and thwarting

23 progress supports dismissal.

24    **5.  Less Drastic Sanctions**

25    The Court must consider the adequacy of less drastic sanctions before imposing dismissal.

26 *Malone*, 833 F.2d at 131 (citation omitted).  Three questions facilitate this analysis: (1) are less drastic

27 sanctions available and, if so, why would they be inadequate; (2) were alternative sanctions employed

28 prior to ordering dismissal; and (3) was the party subject to dismissal warned of the possibility of

1   dismissal. *Id.* at 132.  Less drastic sanctions would not be effective in this case as Plaintiff has failed to

2   comply with the Court's order.  The Court has provided Plaintiff with every opportunity to avoid

3   dismissal, including waiting an additional two months for her to file an amended complaint.  She was

4   specifically warned that her failure to file an amended complaint would result in a recommendation that

5   the case be dismissed.  Based on her failure to file an amended complaint, the Court can only surmise

6   that she has abandoned her claim and has no intention of moving forward.

7          Based on the foregoing and good cause appearing therfore,

## RECOMMENDATION

9          **IT IS HEREBY RECOMMENDED** that this case be **dismissed with prejudice**.

## NOTICE

11          Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in

12   writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held

13   that the courts of appeal may determine that an appeal has been waived due to the failure to file

14   objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also

15   held that (1) failure to file objections within the specified time and (2) failure to properly address and

16   brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual

17   issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt*

18   *v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

19          Dated: October 4, 2013.

C.W. Hoffman, Jr.
United States Magistrate Judge